SOUTHLAND RACING CORPORATION and Darby Henry
*v.* Sharon PRIEST, In Her Official Capacity as Secretary of State
of the State of Arkansas

96-1016                                                     927 S.W.2d 338

Supreme Court of Arkansas
Opinion delivered September 18, 1996

*Wright, Lindsey & Jennings,* by: *Alston C. Jennings, John G. Lile,*
and *Stephen R. Lancaster,* for petitioners.

*Ann Purvis,* and *Winston Bryant,* Att'y Gen., by: *Wendy
Michaels,* Asst. Att'y Gen., for respondent.

PER CURIAM. On August 2, 1996, respondent Sharon Priest,
Secretary of State for the State of Arkansas, certified Proposed
Amendment 6 bearing the popular name "Amendment to Prohibit
Gambling on Contests or Games of Chance or Skill and Specifically
Prohibiting Gambling on Horse Racing and Dog Racing" for the
ballot for the general election on November 5, 1996. In doing so,

the Secretary of State declared that Proposed Amendment 6 satisfied constitutional requirements.

On August 30, 1996, petitioners Southland Racing Corporation and Darby Henry (Southland) filed an original action petition in this court under Amendment 7 of the Arkansas Constitution, alleging (1) that there were various defects in the signatures required to place Proposed Amendment 6 on the ballot, and (2) that the ballot title was "insufficient, misleading, and tinged with partisan coloring." Southland prayed for the appointment of a special master to make findings concerning the sufficiency of Proposed Amendment 6, for a declaration that the ballot title is insufficient, and for an injunction enjoining the Secretary of State from placing Proposed Amendment 6 on the ballot. Southland filed a companion motion that same date for an expedited scheduling order, for appointment of a special master, and for leave of the court to take depositions.

On September 6, 1996, the Secretary of State filed her response to the original petition and asserted that she had been informed that the proponent of Proposed Amendment 6, the Christian Civic Action Committee, would not offer a defense to Southland's allegations regarding various defects in the signature process. The Secretary of State requested that in the absence of a defense this court remove Proposed Amendment 6 from the ballot and decline to appoint a special master. Attached to the Secretary of State's response was a Resolution of the Executive Committee of the Christian Civic Action Committee dated September 4, 1996, which requested that the Secretary of State and Attorney General enter into a "Consent Judgment" which "will have the effect of removing proposed Amendment Six from the November 5, 1996, general election ballot." The Secretary of State also responded to Southland's motion for an expedited scheduling order and stated that it is moot.

On September 11, 1996, Southland moved for expedited consideration of the Secretary of State's consent to an order removing Proposed Amendment 6 from the ballot or, alternatively, for an order authorizing it to commence discovery. Also, on September 11, 1996, a Stipulation of Parties was filed by the Secretary of State, Southland, and the Attorney General in which it was agreed by those entities that Proposed Amendment 6 lacked sufficient signatures to qualify for the ballot and that it should be struck from the

ballot. The Stipulation also states that the Christian Civic Action Committee had informed the Secretary of State that it could not meet its burden of establishing the authenticity of the necessary signatures.

It is clear to this court that the proponent of Proposed Amendment 6 as well as Southland, the Secretary of State, and the Attorney General all concur that the proposed amendment should be removed from the ballot. We, therefore, direct the Secretary of State to remove Proposed Amendment 6 from the November 5, 1996 general election ballot and cease all election activities relating thereto.